IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHELLE M.,[1] | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 23 C 783 |
| v. | ) |
| | ) Magistrate Judge |
| KILOLO KIJAKAZI, Acting | ) Maria Valdez |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## MEMORANDUM OPINION AND ORDER

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Michelle M.'s claim for Disability Insurance Benefits ("DIB"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's motion for summary judgment [Doc. No. 10] is granted in part and denied in part, and the Commissioner's cross-motion for summary judgment [Doc. No. 13] is denied.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by her first name and the first initial of her last name.

# BACKGROUND

## I. PROCEDURAL HISTORY

On June 1, 2021, Plaintiff filed a claim for DIB, alleging disability since April 17, 2017. The claim was denied initially and upon reconsideration, after which she timely requested a hearing before an Administrative Law Judge ("ALJ"). A telephonic hearing was held on August 9, 2022, and all participants attended the hearing by telephone. Plaintiff appeared and testified at the hearing and was represented by counsel. A vocational expert ("VE") also testified.

On September 26, 2022, the ALJ denied Plaintiff's claim for benefits, finding her not disabled under the Social Security Act. The Social Security Administration Appeals Council then denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

## II. ALJ DECISION

Plaintiff's claim was analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ found at step one that Plaintiff did not engage in substantial gainful activity during the period from her alleged onset date of April 17, 2017 through her date last insured of June 30, 2022. At step two, the ALJ concluded that Plaintiff had the following severe impairments: bilateral internal derangement/osteoarthritis of the shoulders; cervical degenerative disc disease;

lumbar degenerative disc disease; and migraine headaches. The ALJ concluded at step three that Plaintiff's impairments, alone or in combination, do not meet or medically equal any listed impairments.

Before step four, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work with the following additional limitations: no climbing of ladders, ropes, or scaffolds, but occasional climbing of ramps and stairs, as well as occasional balancing, stooping, kneeling, crouching, and crawling; can frequently use her bilateral upper extremities for reaching, pushing, and pulling, as well as frequent handling, fingering, and feeling; and must avoid hazards such as unprotected heights and dangerous moving machinery. At step four, the ALJ determined that Plaintiff was capable of performing her past relevant work as a case aide. Accordingly, the ALJ concluded that Plaintiff was not disabled under the Social Security Act.

## **DISCUSSION**

### I. **ALJ LEGAL STANDARD**

Under the Social Security Act, a person is disabled if she has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the plaintiff presently unemployed? (2) Does the plaintiff have a severe impairment? (3) Does

3

the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the plaintiff unable to perform her former occupation? and (5) Is the plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step three or step five leads to a finding that the plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step three, precludes a finding of disability. *Id.* The plaintiff bears the burden of proof at steps one to four. *Id.* Once the plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II.  JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is thus limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). An ALJ's decision should be affirmed even in the absence of overwhelming evidence in support: "whatever the meaning of

'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence is . . . 'more than a mere scintilla.' . . . It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, (2019) (citations omitted). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (citation omitted).

However, even under this relatively lenient standard, an ALJ is not absolved of her duty to support the decision with record evidence. *See Meuser v. Colvin*, 838 F.3d 905, 910 (7th Cir. 2016) ("We will uphold an ALJ's decision if it is supported by substantial evidence, but that standard is not satisfied unless the ALJ has adequately supported his conclusions."). The ALJ is not required to address "every piece of evidence or testimony in the record, [but] the ALJ's analysis must provide some glimpse into the reasoning behind her decision to deny benefits." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). In cases where the ALJ denies benefits to a plaintiff, "he must build an accurate and logical bridge from the evidence to his conclusion." *Clifford*, 227 F.3d at 872. The ALJ must at least minimally articulate the "analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir.

5

2005); *Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007) ("An ALJ has a duty to fully develop the record before drawing any conclusions . . . and must adequately articulate his analysis so that we can follow his reasoning . . . ."); *see Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005).

Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). However, an ALJ may not "select and discuss only that evidence that favors his ultimate conclusion," but must instead consider all relevant evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994).

### III. ANALYSIS

Plaintiff argues that the ALJ's decision was in error for several reasons, including: (1) the ALJ did not properly consider the VA disability rating; (2) the ALJ failed to properly account for Plaintiff's migraine headaches; and (3) the ALJ erroneously determined that Plaintiff can frequently use her upper extremities.

Plaintiff first argues that the ALJ erred in finding "that the VA disability rating has no bearing on the determination of disability within the Social Security disability context." (Pl.'s Mot. at 8.) However, as Plaintiff herself states, the ALJ "is certainly not bound by the findings made pursuant to another agency's rules, and should not analyze that agency's decision, [but the ALJ] is required to consider the evidence underlying those determinations." (*Id.*) Here, the record reflects that the ALJ did indeed consider the supporting evidence underlying the VA's disability

6

rating determination. *See* 20 C.F.R. § 404.1504. As such, the ALJ properly considered the VA evidence in making her own independent evaluation of Plaintiff's disability claim under Social Security's rules. Accordingly, Plaintiff's first argument is unavailing.

Plaintiff also asserts that the ALJ did not properly assess or accommodate her migraine headaches. Pertinent to that contention, in her decision, the ALJ noted Plaintiff's testimony that "she started medication [for migraines] probably 15 years before the hearing" and "she is still having migraines." (R. 22.) The ALJ further noted Plaintiff's testimony that when she has migraines "she has nausea, she cannot be in light, she needs to be in a dark room, and the pain radiates to other parts of the head constantly." (*Id.*) The ALJ also noted Plaintiff's reports that "[o]ver the past five years, the migraines have not changed and they are still with the same intense pain." (*Id.*) Additionally, the ALJ noted Plaintiff's testimony "that when she was working in 2017, she missed days because of headaches" and "this was 2-3 times per week." (*Id.* at 23.) As far as medical opinions, the ALJ noted Dr. Hien Dang's opinion that "the claimant's headache impairment affects her ability to work" and "with severe headaches, the claimant is not able to function and she calls in sick." (*Id.* at 33.) The ALJ found Dr. Dang's opinion partially persuasive, noting that "[t]he doctor supported his statements with explanation and review of historical records pertaining to the claimant's headaches." (*Id.*)[2]

---

[2] Plaintiff also points out that she "was given a 70 percent service-connected disability rating from James Lovel Federal Health Center (VA)" and "[h]er disability was 30 percent attributable to migraine headaches." (Pl.'s Mot. at 9.)

7

In analyzing Plaintiff's migraines in relation to her RFC, the ALJ noted that Plaintiff denied that headaches were present at several discrete treatment visits, but conceded that she could not "conclude that merely denying headaches at sporadic medical visits over [the] years certainly suggest[s] that the claimant was not getting at least three migraines per week." (R. 29.) The ALJ then stated as follows:

> [W]hile there is limited ongoing medical corroboration as to the frequency and intensity of migraines throughout the period under consideration, the undersigned acknowledges the long history of this impairment documented well before the alleged onset date, with sufficient continued mentions of it to reflect it is not an impairment that had at any point clearly or fully resolved. Nonetheless, the limited indication of specific limitations throughout this period under consideration until early 2022 reflect it is severe mostly in combination with other impairments. As a result, the undersigned finds that the limitations in the residual functional capacity, including the limits on postural and exertional activities, as well as environmental exposures accommodate the migraines as reflected in the medical record. These reductions are to accommodate the other physical impairments, and also the migraines as activities that exceed what the claimant can medically perform may have an overlapping effect on the migraines.

(*Id.*)

The Court finds the ALJ's above quoted reasoning and conclusions to be erroneous. The ALJ appears to have pulled out of thin air her determination that Plaintiff's migraines are purportedly "severe mostly in combination with other impairments," and, in any event, the requisite logical bridge is certainly missing on that point. Similarly, the ALJ's determination that the postural and exertional RFC limitations[3] for Plaintiff's other physical impairments would actually accommodate

---

[3] Though the ALJ also references limitations for "environmental exposures," no headache-related environmental accommodations were actually provided in the RFC, as the ALJ

8

Plaintiff's migraines is wholly unsupported. Additionally, the ALJ offered another unsupported conclusion and impermissibly played doctor in determining that physical activities that exceeded Plaintiff's abilities "may have" an overlapping effect on Plaintiff's migraines. *See Alvin S. v. Kijakazi*, No. 21-CV-3781, 2023 WL 2499860, at *4 (N.D. Ill. Mar. 14, 2023) ("Because she relied on her own independent reasoning, the ALJ impermissibly 'played doctor' when assessing Claimant's mental RFC and the case must be remanded for further consideration.").

Ultimately, under the circumstances of this case, there is a disconnect between the ALJ's finding that Plaintiff's migraines constituted a severe impairment (that significantly limited her ability to perform basic work activities) and the ALJ's decision not to provide any specific RFC accommodations for Plaintiff's migraine condition. The ALJ's errors with respect to her assessment of Plaintiff's migraines, as identified above, require that this matter be remanded. Based on its conclusion that remand is necessary for these reasons, the Court need not explore in detail the remaining errors claimed by Plaintiff. The Court emphasizes that the Commissioner should not assume these issues were omitted from the opinion because no error was found. Indeed, the Court admonishes the Commissioner that, on remand, special care should be taken to ensure that all of the medical opinions are properly evaluated and Plaintiff's upper extremity limitations are properly considered.

---

offered only a limitation for workplace hazards "such as unprotected heights and dangerous moving machinery." (R. 21.)

9

**CONCLUSION**

For the foregoing reasons, Plaintiff's motion for summary judgment [Doc. No. 10] is granted in part and denied in part, and the Commissioner's cross-motion for summary judgment [Doc. No. 13] is denied. The Court finds that this matter should be remanded to the Commissioner for further proceedings consistent with this Order.

**SO ORDERED.**            **ENTERED:**

**DATE:**    October 6, 2023                                   
**HON. MARIA VALDEZ**
**United States Magistrate Judge**